Gertrude P. FULLER et al., Plaintiffs,

v.

Austin A. VOLK et al., constituting the Board of School Estimate of the City of Englewood, the City of Englewood, and John H. Perry, et al., constituting the Board of Education of the City of Englewood, Defendants.

Jerry Volpe et al., Intervening Plaintiffs,

and

Frederick M. Raubinger, Commissioner of Education of the State of New Jersey,

and

Kenneth Ancrum et al.,

and

Deborah Spruill, Intervening Defendants.

Civ. No. 847–63.

United States District Court
D. New Jersey.

Feb. 3, 1966.

politan Mut. Ins. Co. v. Continental Cas. Co., 28 N.J. 554, 147 A.2d 529, 532, 69 A.L.R.2d 1115 (1959).

Breslin & Breslin, by John J. Breslin, Jr., Hackensack, N. J., for defendants Austin A. Volk and others, constituting Board of School Estimate of City of Englewood, and City of Englewood.

Sidney Dincin, Englewood, N. J., for defendants John H. Perry and others, constituting Board of Education of City of Englewood.

Major & Major, by James A. Major, Hackensack, N. J., for intervening plaintiffs Jerry Volpe and others.

Arthur J. Sills, Atty. Gen. of New Jersey, by Joseph A. Hoffman, Deputy Atty. Gen., for intervening defendant Frederick M. Raubinger.

Barbara A. Morris, New York City, for intervening defendants Kenneth Ancrum and others.

Morton Stavis, Newark, N. J., for intervening defendant Deborah Spruill.

AUGELLI, District Judge:

This matter is before the Court on remand from the Court of Appeals. See 351 F.2d 323 (1965).

In Fuller v. Volk, D.C., 230 F.Supp. 25, this Court upheld the validity of the action taken by the Board of Education of the City of Englewood pursuant to a plan that had been promulgated by the Board and approved by the Commissioner of Education of the State of New Jersey. The plan provided for the establishment of a city-wide, sixth-grade school (Engle Street School), and required attendance thereat of all sixth grade pupils in the Englewood public schools.

The constitutionality of the plan, in its application and operation, was attacked by two groups of plaintiffs, the Fullers and the Volpes. The Fuller group initiated the action by complaint filed on October 11, 1963. The Volpe group intervened on November 15, 1963. The Fuller group claimed standing to sue as taxpayers to enjoin the expenditure of public funds for an unconstitutional purpose. The Volpe group claimed standing to sue as parents of children in the Englewood public schools. For the reasons stated in the opinion of the Court of Appeals, the complaint filed in this Court by the Fuller group will be dismissed for lack of jurisdiction. With the Fullers eliminated, consideration will now be given to the mandate of the Court of Appeals as it relates to the Volpe group.

This Court is satisfied that the Volpe intervenors, independent of the Fullers, alleged a separate basis for jurisdiction with respect to their cause of action. But the open question is whether any members of this group possess the requisite *locus standi* to maintain the action. When the matter was before this Court, no proof was adduced that any member of the Volpe group had any child or children in the Engle Street School. This lack of proof was noted by the Court of Appeals, and one of the directions of the mandate is for this Court to ascertain the facts in this regard.

Other matters to be considered by this Court on the remand are the following: assuming the existence of jurisdiction and standing, does the doctrine of ex-

haustion of state administrative remedies have any relevancy in light of Booker v. Board of Education, Plainfield, 45 N.J. 161, 212 A.2d 1 (1965); also, should this Court apply to the facts of this case, the doctrine of federal abstention in accordance with the principles laid down in Harman v. Forssenius, 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965); and, finally, has the original decision of this Court on the constitutional issue, been materially altered by the decision of the New Jersey Supreme Court in *Booker.* Upon the coming down of the mandate, this Court fixed January 7, 1966, as the date for hearing argument on the issues posed by the Court of Appeals, and counsel were directed to brief the questions involved, and to advise the Court as to the need for additional proofs.

At the hearing, the only testimony adduced related to the issue of standing. In this connection.it was stipulated that among the members of the Volpe group, Edward Robbins and Gloria Robbins, his wife, had one child, Andrea Robbins, in the fifth grade in the Roosevelt School, and Lloyd Pollard and Blanche Pollard, his wife, had one child, Blanche Pollard, in the fifth grade in the Quarles School. None of the other members of the Volpe group have any child or children in grades one through six, inclusive, in any of the Englewood public schools. On this aspect of the case the Court of Appeals said, "[t]he complaint and petition for intervention alleges only that the children are students in the Englewood public school system, but does not allege the grades that they are in. Some may now be past the sixth grade, thereby rendering their action moot. Some may be only at the first or second grade level, thereby rendering their action premature."

All parties at the hearing of January 7, urged this Court to accord standing to the parents of the Robbins and Pollard children. It may fairly be inferred from the language used in the Court of Appeals opinion, that the parents of children in the fifth grade in the Englewood public schools would have standing to maintain the action. These parents of fifth-graders, whose children will soon be required to attend the Engle Street School, should be permitted to challenge now, in advance of the happening of that event, the right of the Englewood Board of Education to compel attendance at that school. To hold otherwise would require that *locus standi* be denied to a parent until such time as he has a child actually in the sixth grade and that, in order to avoid mootness, the child remain there until the litigation has run its course. This Court does not believe such an absurd situation was ever intended. Under the circumstances, it is concluded that the parents of the Robbins and Pollard children have standing to sue. See Rule 23(a) of the Federal Rules of Civil Procedure; 39 Am.Jur., Parties, § 52. The action will be dismissed as to all other members of the Volpe group because of mootness.

Before passing on to the other questions submitted to this Court for consideration on the remand, it might be well to emphasize that the Court, in Fuller v. Volk, supra, was not called upon to decide whether the Englewood Board of Education was under an affirmative duty under the Fourteenth Amendment to take any action with respect to de facto segregation in the Englewood public schools. The Court was presented with a *fait accompli*, a plan in operation that had been formulated by the Board and approved by the Commissioner. The intervening plaintiffs sought to have the plan, and action taken thereunder by the Board, set aside as being violative of their constitutional rights. The narrow issue for decision was whether the Board was constitutionally prohibited from acting as it did in the premises. This Court held that the federal constitution does not preclude a local board of education from taking appropriate steps to reduce or eliminate de facto segregation in the public schools, where such action is taken in furtherance of, and pursuant to, state law and state educational policies. Hence,

84

the Court found, in effect, that the plan under attack was constitutional.

All parties before the Court on this matter asked for an early determination of the case on its merits. All counsel, except the Attorney General, argued that the facts of the case did not warrant application of the doctrine of federal abstention, and that the intervening plaintiffs should not be required to exhaust state administrative remedies. The Attorney General is in agreement with this position if the issue before this Court remains as framed by the pleadings, namely, whether the plan under attack, in light of Booker v. Board of Education, supra, is or is not constitutional. If this is the issue on remand, the Attorney General urges the Court to retain jurisdiction and decide the specific question, in which event there would be no need to apply the doctrine of federal abstention or require an exhaustion of state administrative remedies. On the other hand, says the Attorney General, if this Court construes the Court of Appeals opinion as requiring determination of a new issue, namely, whether, in light of Booker, the challenged plan goes far enough, then this Court should abstain and require the parties to exhaust the available state administrative remedies.

The impact of Booker on the case at bar has been carefully considered. It is true that the "Sixth Grade Plan" in Booker is quite similar to the plan approved by the Commissioner in this case. The New Jersey Supreme Court has made it clear in Booker that the Commissioner is vested with broad powers to deal with racial discrimination and segregation in the public schools. Viewed in light of Booker, it may well be that the Englewood plan did not go far enough. But that issue is not before this Court, and it is not believed that the Court of Appeals intended to inject that issue into the case. Moreover, the facts of the instant case would not warrant a consideration of any such issue.

Unlike the petitioners in Booker, the intervening defendants here, parents of Negro children attending the Englewood public schools, are not complaining that the Englewood plan is invalid under state law because it does not go far enough. They are satisfied with it. If, and when, such parents become dissatisfied, Booker points the way to relief. In the case before this Court, it is only the parents of white children who attack the plan on constitutional grounds. The basis for that attack is that the plan goes too far and infringes upon their rights under the Fourteenth Amendment. That issue was decided against them when the matter was first before this Court for decision.

■ Except for the stipulation regarding the Robbins and Pollard children, the record now before the Court is the same as when the case was first decided. The contentions of the litigants remain the same. The intervening plaintiffs sought, and still seek, to have the Englewood plan declared unconstitutional. The defendants, and intervening defendants sought, and still seek, to have the plan upheld against that attack. Notwithstanding the principles laid down in Booker, this Court does not believe, in the absence of any contention by any party that the Englewood plan does not go far enough, that there is any justification for invoking the federal doctrine of abstention or requiring the parties to exhaust state administrative remedies.

■ The cases cited by able counsel for the intervening plaintiffs, particularly Wanner v. County School Board, 245 F.Supp. 132 (E.D.Va.1965) and Springfield School Committee v. Barksdale, 348 F.2d 261 (1 Cir. 1965) have all been examined, but they do not persuade this Court that the original determination made in this case should be altered. Under the circumstances, and for the reasons expressed herein, as well as those set forth in this Court's opinion filed June 3, 1964, the motion for summary judgment made by counsel on behalf of the Englewood Board of Education, and joined in by defendants and intervening defendants, will be granted.

Counsel for defendant Englewood Board of Education, on notice to all counsel, unless consent as to form is obtained, will please submit an appropriate order in accordance with the views herein stated.