Louise M. **HORN** et al., Plaintiffs,

v.

**LANCASTER–LEBANON COUNTY PUB-LIC HIGH SCHOOL ATHLETIC ASSO-CIATION** and **Lancaster-Lebanon Intermediate Unit No. 13, Defendants.**

**Civ. A. No. 72–923.**

United States District Court, E. D. Pennsylvania.

Nov. 30, 1972.

------

James T. Reilly, Lebanon, Pa., for plaintiffs.

William M. Young, Jr., Harrisburg; Pa., for defendants.

## MEMORANDUM AND ORDER

DITTER, District Judge.

This suit was brought to secure the right for a Catholic high school to engage in athletic contests against public schools. It comes before the court on a motion to dismiss an amended complaint.

Plaintiffs, all minor children of George M. Horn, Jr., attend a Catholic grade school, St. Mary's in the City of Lebanon. It is averred that they are "prospective enrollees and students of Lebanon Catholic High School." The complaint alleges that this high school is not permitted to field teams in the Lancaster-Lebanon Public High School Athletic Association. To take part in organized competition against member schools, Lebanon Catholic would have to join the Athletic Association. However, membership in this Association is limited to public schools. Plaintiffs aver they will be denied educational and character building benefits provided by athletic competition. They contend this is discrimination against them because of their religious practices, affiliations, and beliefs in violation of rights guaranteed by the First and Fourteenth Amendments of the United States Constitution as well as the Civil Rights Act of 1964, Titles III, IV, and VII, 42 U.S.C. §§ 2000b et seq., 2000c et seq. and 2000e et seq.

In the original complaint in this case, George M. Horn, Jr., the father of these children, was the only plaintiff. His suit was dismissed for lack of standing on the authority of Sierra Club v. Morton, 401 U.S. 907, 91 S.Ct. 1361, 1364–66, 27 L.Ed.2d 805 (1972), and Flast v. Cohen, 392 U.S. 83, 99–102, 88 S.Ct. 1942, 1952–54, 20 L.Ed.2d 947 (1968), with leave to amend. The amended complaint has not solved the standing problem. The current plaintiffs do not attend Lebanon Catholic High School, nor does the complaint indicate that they will do so in the near future. For all that is said, they may be in the first or second grade thereby rendering their action premature. See Fuller v. Volk, 351 F.2d 323, 329 (3rd Cir. 1965). In the absence of some indication of immediacy, plaintiffs' reliance on statements made by the District Court when *Fuller* was remanded to it, 250 F.Supp. 81, 83 (D.N.J.1966), that parents of fifth grade students have standing to attack a sixth grade desegregation plan is not well taken.

I conclude that the amended complaint, like that brought originally, must be dismissed for lack of standing.